NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDI TUCKER, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:12-cv-1024 (DMC) (JBC) |
| UNITED PARCEL SERVICE, a corporation or business organization, UPS, a corporation or business organization, JOSEPH BUTKUS, JOHN DOE, said name being fictitious, RICHARD ROE, said name being fictitious, AETNA INSURANCE COMPANY, a corporation or business organization, METROPOLITAN LIFE INSURANCE COMPANY, a corporation or business organization, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Defendants United Parcel Service, Inc. ("UPS"), Joseph Butkus ("Butkus"), Aetna Life Insurance Company ("Aetna"), and Metropolitan Life Insurance Company ("MetLife"), (collectively "Defendants"), to dismiss the First and Fourth Counts of Plaintiff Sandi Tucker's ("Plaintiff") First Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6). (Defs. Mot. to Dismiss, Jan. 31, 2013, ECF No. 25). Pursuant to FED. R. CIV. P 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court, for the reasons herein expressed, that Defendants' Motion to Dismiss the First and Fourth Counts of the First Amended Complaint is **granted**.

## I. BACKGROUND[1]

Plaintiff Sandi Tucker is a former employee of UPS. On January 3, 2012, Plaintiff filed suit against Defendants UPS, Butkus, Aetna, and MetLife in the Superior Court of New Jersey, Law Division, Essex County. On February 20, 2012, Defendants removed the case to this Court, pursuant to 28 U.S.C. § 1446 on the basis of federal question jurisdiction. On March 9, 2012, Defendants filed a Motion to Dismiss the First Count of Plaintiff's complaint. (Defs.' Mot. to Dismiss, Mar. 9, 2012, ECF. No. 6). This Court granted Defendants' motion without prejudice on the grounds that Plaintiff had failed to assert facts demonstrating any plausible misconduct by Defendants. (Op., Oct. 26, 2012, ECF. No. 21). Plaintiffs were granted leave to file an amended complaint and cure the deficiencies pointed out by this Court in its Opinion filed October 26, 2012 (the "October 26 Opinion").

In the First Amended Complaint (the "Amended Complaint"), Plaintiff added facts to Count One as well as an additional Fourth Count. (Pl.'s Am. Compl., Dec. 19, 2013, ECF No. 24). In the First Count of the Amended Complaint, Plaintiff again alleges she was "subjected to a hostile, sexual environment, sexual harassment and sexual abuse and… intimidation, humiliation and adverse environment . . ." and that Defendants violated her "Federal and State Constitutional and Statutory Rights and [her] rights under the Law Against Discrimination." In the Second and Third Counts of the Amended Complaint, Plaintiff alleges that Defendants Aetna and MetLife, respectively, improperly denied her claims for benefits under employee welfare benefit plans that are promulgated under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.. The Fourth Count alleges Defendants "had a duty to continue the implied employment

---

[1] The facts set forth in this Opinion are taken from the Parties' respective moving papers.

2

contract of the plaintiff, and to provide protections of short term disability benefits and of long term disability benefits to the plaintiff, in good faith, without wrongful conduct and without violation of public policy." Plaintiff asserts such policy includes "Federal and State constitutional precepts, statutory law, reported case law, and relevant administrative regulations and decisions" including "the Federal Americans with Disabilities Act (ADA)" and the "Federal Civil Rights Act (Title VII)."

As to Count One, Defendants argue that the Amended Complaint contains the exact same deficiencies as Plaintiff's original Complaint, i.e. it does not plead any facts that would support a sexually hostile work environment claim. (Defs.' Br. 4, Jan. 31, 2013, ECF No. 25). Defendants argue that Count Four should be dismissed because Plaintiff has asserted no facts to support a common law claim for breach of an implied contract. Id. at 5. In addition, Defendants argue any such claim is preempted by ERISA and duplicative of Plaintiff's claims in Counts Two and Three. Id.

Plaintiff argues that the Amended Complaint is "lengthier and more elaborate with factual detail about Plaintiff's allegations" and successfully pushes her claims "across the line from conceivable to plausible." (Pl.'s Opp. Br. 7, Feb. 17, 2013, ECF No. 27) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As to Count Four, Plaintiff asserts that the existence of a duty to continue an implied contract of employment is a fact that should be left to a jury to decide. (Pl.'s Opp. Br. 8). Plaintiff also attaches a number of exhibits to her opposition brief which, as discussed in the October 26 Opinion, this Court will not consider. See Hart v. Elec. Arts, Inc., 740 F. Supp. 2d 658, 662 (D.N.J. 2010) ("A court may not consider matters extraneous to the pleadings without treating the motion as one for summary judgment

and giving all parties reasonable opportunity to present materials pertinent to such a motion under Rule 56.").

## II.    **LEGAL STANDARD**

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D. N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not

4

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d. 1192, 1196 (3d. Cir. 1993). The complaint must 'show' an entitlement to relief with its facts. Steedley v. McBride, 2011 U.S. App. LEXIS 20302, at *4 (3d Cir. Oct. 4, 2011) (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 2011 (3d Cir. 2009)). Factual allegations contained in a certification offered in defense of a motion to dismiss will not be considered in determining the sufficiency of Plaintiff's complaint. See Solutions Partners, Inc. v. Thomas, No. 09-cv-4778, 2010 U.S. Dist. LEXIS 50840, at *7, n.3 (D.N.J. May 21, 2010).

### III. DISCUSSION

As explained by this Court in its October 26 Opinion, in a 12(b)(6) inquiry, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir.2009). In addition, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678-679. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211.

The Amended Complaint alleges that Plaintiff began working for UPS in 1999 (Am. Compl. 2, ¶ 2) and was assigned to report to Defendant Butkus as her Supervisor in January

5

2010. (Am. Compl. 3, ¶ 5). The Amended Complaint then makes a series of conclusory statements that Plaintiff was "subjected to a hostile sexual environment and sexual harassment and sexual abuse...intimidation, humiliation and adverse environment." (Am. Compl. 3, ¶ 6). These allegations are identical to those contained in the original Complaint. (See Compl. 2, ¶ 3).

Essentially, the only facts Plaintiff asserts to support her allegations are that (1) she is "Afro-American" and "female" (Am. Compl. 1, ¶ 1); (2) Butkus was a "massive" man and "tall enough to see over the subordinate employees' cubicles" (Id. at 2-3, ¶ 4); (3) she shared a desk with Butkus, who was her supervisor (Id. at 3, ¶ ); (4) she requested reassignment away from Butkus (Id. at 4, ¶ 7); (5) there were "ongoing incidents and conduct" in her office building and "in the employee parking areas" (Id. at 4, ¶ ¶ 8); and (6) some unidentified "hostile sexual conduct" occurred at Plaintiff's mother's funeral and "through personal telephone calls and emails which reached plaintiff when she was away from her job." (Id. at 4-5, ¶ 8). These threadbare factual assertions are insufficient to support Plaintiff's conclusory allegations of sexual harassment and a hostile work environment   None of these facts, even if true, support a plausible claim that plaintiff worked in a sexually hostile work environment as defined under the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §10:5-1 et. seq. See Lehmann v. Toys R Us, Inc., 132 N.J. 587, 603 (1993).

Plaintiff, in her Amended Complaint, has failed to cure the deficiencies articulated by this Court to be grounds for dismissal. Plaintiff has not described any acts performed by Butkus or other events that took place during her employment that would make her claims of sexual harassment and a hostile work environment plausible. Once again, the First Count of the Amended Complaint does not rise to the level of plausibility required under Iqbal and therefore must be dismissed for failure to state a claim.

Count Four of the Amended Complaint appears primarily to be a claim for breach of an implied employment contract. Plaintiff also claims Defendants had a duty to provide Short Term and Long Term Disability benefits to Plaintiff in good faith and without violating public policy. (Am. Compl. 8, ¶ 3). Plaintiff asserts such public policy includes "Federal and State constitutional precepts, statutory law, reported case law, and relevant administrative decisions, including but not limited to: the Federal Americans with Disabilities Act (ADA); the Federal Civil Rights Act (Tile VII)…" (Am. Compl. 8-9, ¶ 7). To support these broad claims, Plaintiff repeats the allegations of the preceding counts and asserts that Defendants had actual and constructive notice of Plaintiff's age, disabling medical conditions and status as an "Afro-American" and "female." (Am. Compl. 7-8, ¶ 2).

Again, Plaintiff has failed to provide facts that would state a claim for relief that is plausible on its face. Plaintiff does not provide any facts identifying a specific implied employment contract (e.g. the existence of an employee handbook). See Theodossiou v. Commerce Bank, N.A., No. 06-4137, 2007 U.S. Dist. LEXIS 26029, *6 (D.N.J. Apr. 5, 2007) ("An employee handbook can alter an employee's at-will status by creating an implied contract between employer and employee." (citing Wooley v. Hoofmann-La Roche, 99 N.J. 284, 297-98 (1985)). Plaintiff also does not provide any facts explaining how said "implied contract" was allegedly violated.

As for Plaintiff's public policy claims, she does not provide any facts to explain precisely how Defendants violated public policy. Nor does she specify the nature of the public policy she asserts Defendants violated. See Bell v. K.A. Indus. Servs., LLC., 567 F. Supp. 2d. 701, 709 n.12 (D.N.J. 2008) ("If an employee does not point to a clear expression of public policy the court can grant a motion to dismiss." (quoting Pierce v. Ortho Pharm. Corp., 84 N.J. 58, 72

(1980)). Instead Plaintiff provides a broad list of categories of law, general laws and case names without explaining how they relate to her claim. Count Four is essentially a series of broad legal conclusions that merely allege Plaintiff is entitled to relief without demonstrating, through facts, that Plaintiff is entitled to such relief. As such, Count Four of the Amended Complaint must also be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the First and Fourth Counts of Plaintiff's First Amended Complaint is **granted**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: September 25, 2013
Original: Clerk's Office
cc: Hon. James B. Clark, U.S.M.J.
All Counsel of Record
File